IN THE CIRCUIT COURT FOR SOMERSET COUNTY

| | |
|---|---|
| **Rt. 30 AUTO & TRUCK SALES, LLC**    * | |
| 12441 Whitesville Road    * | |
| Laurel, Delaware 19956    * | |
|    * | |
|      Plaintiff,    * | |
| v.    * | |
|    * | |
| **CITY OF CRISFIELD**    * | |
| **MARYLAND**    * | May 12, 2022 |
|    * | |
| 319 Main St.    * | |
| Crisfield, Maryland 21817    * | |
|    * | C-19-CV-22-000076 |
| DEAN BOZMAN    * | |
| Trails End Campground    * | |
| 5360 Trails End Dr.    * | |
| Horntown, VA 23395    * | |
|    * | |
| BARRY DIZE    * | |
| 26 Walnut Street    * | |
| Crisfield, Maryland 21817;    * | |
|    * | |
| JOYCE MORGAN    * | |
| 3128 Boone Rd.    * | |
| Crisfield, Maryland 21817    * | |
|    * | |
|      Defendants.    * | |
|    * | |

## COMPLAINT

Plaintiff, Rt. 30 Auto & Truck Sales, LLC ("Plaintiff"), by its undersigned

counsel, hereby brings this Complaint against Defendants City of Crisfield, Dean

Bozman ("Mr. Bozman"), Barry Dize ("Mr. Dize"), Joyce Morgan ("Ms. Morgan"),

Timothy Sullivan ("Mr. Sullivan"), and Nelson Sheppard ("Mr. Sheppard"), seeking (a) a

declaration of its rights with respect to the use of property purchased by Plaintiff so as to

terminate the uncertainty and controversy that currently exists between the parties

regarding the use of certain property purchased by Plaintiff and (b) preliminary and permanent injunctive relief. In addition, Plaintiff seeks (a) compensatory damages due to Defendants' violation of the Constitution and Defendants' violation of Plaintiff's Constitutional Rights arising from the Maryland Declaration of Rights; (b) compensation due to Defendants' public taking of Plaintiff's property; and (c) damages for tortious actions taken by Defendants against Plaintiff. ("Lawsuit").

## PARTIES

1.     Rt. 30 Auto & Truck Sales, LLC, is a limited liability company located at 12441 Whitesville Road, Laurel, Delaware 19956, and owns the property within the City of Crisfield, Maryland at issue in this Lawsuit.

2.     Defendant, City of Crisfield, is an incorporated municipality in Somerset County Maryland.

3.     Defendant Mr. Bozman was, at all pertinent times, employed as the City Inspector, City of Crisfield, Maryland and who issued a decision on behalf of the City of Crisfield determining that the motel located on the property owned by Plaintiff cannot operate as a motel and is being sued in his individual and official capacity.

4.     Defendant Mr. Dize was, at all pertinent times, the Mayor of Crisfield and in that capacity approved and directed the actions of the City of Crisfield and its employees, including Mr. Bozman and Mr. Sheppard, and is being sued in his individual and official capacity.

5.     Defendant Ms. Morgan was, at all pertinent times, the City Treasurer and was involved in reviewing, processing, and making determinations about issuing and/or denying Plaintiff the ability to operate the motel located on the Property.

## SUBJECT MATTER JURISDICTION, PERSONAL JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to MD CODE ANN., CTS. & JUD. PROD. §§ 1-501; 3-403(a); 3-406, 3-407 and 3-409.

7. This Court has personal jurisdiction over Defendants pursuant to MD CODE ANN., CTS. & JUD. PROD., §§ 6-102(a) and 6-103.

8. Venue is proper under MD CODE ANN., CTS. & JUD. PROD., § 6-201(a).

## FACTS

9. Plaintiff is the owner of certain real estate located within the City of Crisfield as more particularly described in the Deed attached hereto as Exhibit "A" (hereinafter "the Property"). The Property is comprised of two parcels, one on which a motel is located "the Pines Motel" and another with a residence/house – parcels 127A/129A located on Somerset Avenue Crisfield, Maryland 21817.

10. For the year prior to Plaintiff's purchase of the Property, the entirety of the State of Maryland was functioning under Governor Hogan's Executive Orders due to the Covid-19 pandemic and the repercussions of both the global pandemic and the necessarily limitations imposed on all businesses, caused a slowdown at most businesses, including the Pines Motel.

11. The Property was purchased by Plaintiff on May 24, 2021 and at that time, the Property was functioning as a motel though it had suffered financial effects from the pandemic and the resultant limitations set out by Governor Hogan's Administrative Orders.

12.     The previous owners of the Property filed a 2020 Corporate Income Tax return showing a $28,641.00 operations loss for the motel due to the financial impact from the Covid-19 pandemic.  Yet, the Property remained a motel throughout that time.

13.     The Property Assessment Description at the time Plaintiff purchased it was and continues to be "N/SD Pines Motel R/W Crisfield."

14.     Prior to Plaintiff purchasing the Property and after purchasing the Property, the City of Crisfield assessed and continued to assess and collect City taxes, and payment for water and sewer for the Property.

15.     Prior to Plaintiff purchasing the Property and after purchasing the Property, the County of Somerset assessed and continued to assess and collect taxes on the Property.

16.     Since Plaintiff purchased the Property it has paid over Five Thousand Dollars in taxes to the City of Crisfield, over Six Thousand Dollars in county taxes, over Four Thousand Dollars in water/sewer bills to the City of Crisfield, lawn, and landscape maintenance of over Three Thousand Dollars, insurance costs of an additional several thousand dollars and other maintenance costs.

17.     Prior to Plaintiff purchasing the Property, the Pines Motel had been in business for over five decades.

18.     Prior to purchasing the property, Timothy Dyson ("Mr. Dyson'), Managing Member of Rt. 30 Auto & Truck Sales, LLC, was informed that the City of Crisfield would issue Plaintiff, as the new owner of the Property, a permit to continue to operate the Property as a motel.

19.     Prior to purchasing the property, the City of Crisfield had not revoked, limited, or notified the prior owners that it no longer could have the Pines Motel function as a motel.

20.     The previous owners of the Property continued to have motel guests through the beginning of July 2020, and at some point thereafter, due to the ramifications of the pandemic and limitations imposed by Governor Hogan, did not have many, if any guests.

21.     Due to the financial hardships imposed by the pandemic, the previous owners of the Property there were a few months where they were not able to keep up with the State, County and City taxes and water/sewer. The accrued taxes and charges were paid off in May 2021, prior to Plaintiff purchasing the property on May 24, 2021.

22.     So as to be poised to immediately re-open the doors to the motel, on May 24, 2021, when Mr. Dyson went to have the permit for the Pines Motel approved and signed by the City Inspector, Mr. Bozman refused to sign the license for the Pines Motel and stated that "Mr. Dyson will never open the motel."

23.     On June 3, 2021, Robert Thornton, an attorney for Plaintiff, reached out to Mr. Sheppard to have the requisite licenses and permits issue immediately, so as to allow Plaintiff to immediately have the Pines Motel continue operating.

24.     On June 7, 2021, Mr. Thornton followed up with Mr. Sheppard and Mr. Sullivan, notifying them that Plaintiff was going to obtain the business operation license and other permits, to allow him, as the new owner, to continue to run the Pines Motel.

25.     Again, on June 10, 2021, Mr. Thornton submitted a letter to the City of Crisfield, emailing and faxing it to Mr. Bozman, Ms. Morgan, and Valerie Swift,

addressing the City's delay in providing Plaintiff its necessary business license and any other necessary permits/payment of fees.

26.     Due to the City of Crisfield's continued non-responsiveness, on June 11, 2021, Mr. Thornton, reached out to Mr. Sullivan and Mr. Bozman to push them to issue any licenses or permits required to re-open the doors to the motel.

27.     In attempting to do all that they could to move the process forward, on June 14, 2021, Mr. Dyson went to the City of Crisfield, City Hall to have the business license signed. Mr. Bozman refused to sign the license and stated that Mr. Dyson "will never open the motel," or words to that effect.

28.     After failing to respond to the many requests and inquiries, the City of Crisfield, by letter dated June 15, 2021, signed by Mr. Bozman as City Inspector, City of Crisfield, and sent via email and overnight delivery to Plaintiff, informed Plaintiff that it had determined that the Property was prohibited for use as a hotel/motel.

29.     During the times that Plaintiff was in communications with the City of Crisfield prior to and after Plaintiff purchased the Property, Dize wanted to make sure that no one, including Mr. Sheppard, issued any permits of any kind to Plaintiff and informed the City of Crisfield employees that Mr. Sullivan had to be informed of any requests made for permits.

30.     Though Mr. Sullivan was the attorney for the City of Crisfield, his communications with Mr. Dize, Mr. Morgan and the other Defendants indicated that he took part in the decision making process and, along with Mr. Dize, had final say on actions and statements made by City of Crisfield and its employees.

31.     Even something as simple as stamping the Deed to the Property after

Plaintiff purchased the Property was met with resistance and obfuscation by the City of

Crisfield and all other Defendants.

32.     Defendants purposely delayed their response to Mr. Thornton and Plaintiff

so as to concoct additional justification to deny Plaintiff a business license or any other

permit that would allow him to have the Pines Motel continue to operate as a motel.

33.     In denying Plaintiff its permit to continue to operate the Pines Motel, the

City of Crisfield purportedly relied on Article XIV of Chapter 112 of the city Code,

Section 112-123 which provides in pertinent part:

> Where, at the effective date of adoption or amendment of this
> chapter, lawful use of land exists that is made no longer permissible
> under the terms of this chapter as enacted or amended, such use may be
> continued, subject to the provisions of § 112-125, so long as it remains
> otherwise lawful, subject to the following provisions:
>
> . . .
>
> C.     If any such nonconforming use of land ceases for any reason for a
> period of more than 12 months, any subsequent use of such land shall
> conform to the regulations specified by this chapter for the zone in
> which such land is located.

34.     The terms "use," "land," or "ceases," are not defined in the City of

Crisfield Code or its Zoning provisions.

35.     Further, the term "nonconforming use," is defined by the word "use,"

which is not defined. "NONCONFORMING USE – a use, whether of land or of a

structure, which does not comply with the applicable use provisions of this chapter or

amendment thereto, where such use was lawfully in existence prior to the enactment of

this chapter or amendment thereto."

36.     Motel is not defined but is included under the term "lodging," along with the term Hotel, and both are described as "[a]n establishment for transients consisting of any number of sleeping rooms in permanent buildings, each room or suite of rooms having complete sanitary facilities and separate entrances, including hotel, motel, lodge, tourist park and similar establishments, but not including a boarding – or lodging house, inn, or bed-and-breakfast establishment." The City of Crisfield Code further defines lodging as "uses to provide temporary lodging for less than 30 days where rents are charged by the day or by the week."

37.     Under the Table of permitted uses under Zoning (Chapter 112- section 112.56) Lodging does not specifically include hotels or motels and has only "bed and breakfast," "Bed and Breakfast, Tea Room," and "Boarding or Lodging houses or tourist homes."

38.     As of December 17, 2021, the City of Crisfield was not aware of any zoning changes made from January 1, 1990 to December 17, 2021 that occurred for the District the Property is located.

39.     From at a minimum, January 1, 1990 through December 17, 2021, whatever zoning that applied to the Property had not changed within that period of time.

40.     As of January 1, 1990 the zoning District in which the Property is located allows commercial properties, including motels, without the need for special exemptions or reliance on allowed "nonconforming use."

41.     No pre-determination hearing was provided to Plaintiff prior to the City of Crisfield denying Plaintiff the right to operate the Pines Motel.

42.     The City of Crisfield's June 15, 2021, decision provided a right to appeal the determination, which was to occur within twenty (20) days from the date of the notice.

43.     On July 1, 2021, Plaintiff, through its counsel Mr. Thornton, submitted an appeal of the determination to the Zoning Administrator, the Board of Zoning Appeals, Mr. Dize, and other Defendants, setting forth various grounds as to why the determination was without basis and illegal.

44.     Per the City of Crisfield's Charter, Plaintiff had a right to hearing, which Plaintiff requested.

45.     The appeal hearing was initially scheduled by Mr. Bozman for July 27, 2021, without coordinating with Mr. Thornton about the availability of Plaintiff and Mr. Thornton.  Mr. Thornton was informed that if July 27, 2021 did not work for Plaintiff or Mr. Thornton, that it would be rescheduled to a date shortly thereafter.

46.     Notwithstanding repeated attempts to have the City of Crisfield provide a new date for the hearing, no hearing has ever been rescheduled.

47.     The City of Crisfield has charged and continues to charge Plaintiff for water/sewer at commercial/business rates, which Plaintiff has paid.

48.     In May, 2021, Plaintiff paid to the City of Crisfield many thousands of dollars of water/sewer charges, charged at the commercial rate, which had been charged for the Property for part of the calendar year 2020 through May 2021.

49.     Prior to Plaintiff purchasing the Property and after, Plaintiff paid SDAT Business Division annual personal property taxes, along with federal and State of Maryland income taxes, indicating the Property was always a motel.

50. By correspondence dated June 24, 2021, the City of Crisfield affirmatively stated that as of June 24, 2021, all property taxes, and corporate personal property taxes for the Property, including the Pines Motel, were up to date.

51. On July 1, 2021, Plaintiff applied for a Roof Replacement permit to repair the leaking in the roof of the house located on the Property, which was causing serious deterioration of the structure, the magnitude of which would not have occurred had Plaintiff been able to operate its motel. Though that permit was eventually approved, other permits to allow for additional maintenance and preservation have been denied by the City of Crisfield.

52. The house is identified on SDAT, Department of Assessment and Taxation, Maryland, as "residential."

53. The plat on which the motel is located has been designated as commercial for many decades.

54. The Pines Motel was built on the Property in 1961 and the motel has been located there since that time and for each owner since 1961, it has been a motel, though the name of the motel was changed to the Pines Motel.

55. On July 14, 2021, Plaintiff submitted a claim, pursuant to the Local Tort Claims Act, addressing the unconstitutional and wrongful conduct of the City of Crisfield and the other named Defendants in this action.

56. To date, Plaintiff continues to be unable to operate the Pines Motel and continues to suffer extreme harm because Plaintiff must continue to pay the for taxes, water/sewer, insurance, landscaping, and other costs but has lost a significant amount in

revenue due to it not being allowed to operate. Further, the building continues to degrade due to Defendant's refusal to issue required permits for maintenance.

**COUNT I**
*(All Defendants)*
**DECLARATORY RELIEF**

57.     Plaintiff hereby incorporates by reference paragraphs 1 through 56 as if they were fully restated herein.

58.     There is currently uncertainty as to the legal rights and obligations of the parties and an actual bona fide and substantial justiciable question exists, which requires immediate resolution in order to define and determine the rights and obligations of the parties including:

a.     Payments to the City of Crisfield tethered to the Property;

b.     Taxes paid to the City of Crisfield for the Property;

c.     Reimbursement of payments made by Plaintiff to the City of Crisfield;

d.     Permits requested by Plaintiff to conduct maintenance and improvements on the Property;

e.     The constitutionality of actions taken by the City of Crisfield;

f.     The constitutionality of the Code provision the City of Crisfield relies on to deprive Plaintiff the use of the Property;

g.     Whether the zoning in place disallows the operating of a motel;

h.     The City of Crisfield made factual conclusions that are incorrect when denying Plaintiff the right to operate a motel on the Property;

i.     The City of Crisfield has been arbitrary and capricious in applying its code provisions and depriving Plaintiff the use of the Property and denying Plaintiff's ability to maintain and make improvements on the Property;

j.     Defendants' actions and omissions were reckless and/or grossly negligent and/or done with malice;

k.     Defendants violated Plaintiff's procedural due process rights by failing to provide a prompt hearing after taking away Plaintiff's right of the use of the Property;

l.     Defendants violated Plaintiff's procedural due process rights by not providing Plaintiff a pre-deprivation hearing;

m.     Defendants tortiously interfered with Plaintiff's business;

n.     Defendants are estopped from denying Plaintiff licenses and permits because they represented to Plaintiff, prior to Plaintiff purchasing the Property, that the Property could continue operating as a motel;

o.     Defendants deprived Plaintiff of use of the Property and, thereby, took the Property without compensation in violation of the Fifth Amendment of the Constitution and the Maryland Declaration of Rights;

p.     The Code provision relied upon by Defendants does not apply to the Zone where the Property is located;

q.     The Code provision relied upon by Defendants is unconstitutional; and

r.     Defendants' continuing failures and actions are causing extreme harm to Plaintiff.

59.     In conjunction with said Declarations, Plaintiff seeks equitable relief in the form of an immediate injunction and permanent injunction precluding and enjoining the

Defendants from denying Plaintiff the right to operate a motel on the Property; requiring the City of Crisfield to cease from charging Plaintiff for anything attendant to the Property until such time as Plaintiff is able to operate the motel; requiring the City of Crisfield to disgorge payments made to it by Plaintiff for taxes, sewer and water, and any other municipal charge tethered to the Property during the period Plaintiff was not allowed to operate the motel; requiring the City of Crisfield to issue whatever licenses and permits to Plaintiff, allowing Plaintiff to operate the motel and maintain, repair and improve the Property; directing that Defendants pay Plaintiff for its loss due to not being able to operate the motel and for expenses incurred and to be incurred as the motel has sat idle due to Defendants acts and omissions; and enjoining the City of Crisfield from enacting any law that would cause Plaintiff to not be able to operate the motel on the Property.

60. The harm to Plaintiff as a result of Defendants' actions and omissions is substantial.

61. Unless Defendants are enjoined or other relief is granted, Plaintiff will be deprived of its constitutionally protected property rights.

62. No harm or prejudice will result to Defendants if relief is granted.

63. Plaintiff has no full remedy at law and each day that Plaintiff is not able to operate the motel or repair or improve the Property, it causes harm that damages alone cannot remedy.

64. Plaintiff's right to relief is clear.

65.     Inasmuch as the constitutionality of the ordinance is at issue, as required by MD CODE ANN., CTS. & JUD. PROD. § 3-405(c), a copy of the proceedings will be served on the Attorney General of Maryland, via certified mail.

## COUNT II
### *(All Defendants)*
### REQUEST FOR INJUNCTIVE RELIEF

66.     Plaintiff hereby incorporates by reference paragraphs 1 through 65 as if they were fully restated herein.

67.     Plaintiff seeks equitable relief in the form of a preliminary and permanent injunction to preclude and enjoin the City of Crisfield in enforcing or applying its code to the Property; to enjoin the City of Crisfield from denying Plaintiff permits to maintain, repair and improve the Property; in enjoining the City of Crisfield from continuing to impose any charge on Plaintiff for the Property, including, but not limited to, taxes, sewer/water charges, and any other charge; to enjoin the City of Crisfield from keeping the payments made to it by Plaintiff for taxes, sewer/water charges, or any other charge imposed on Plaintiff by the City of Crisfield since Plaintiff purchased the Property; and to enjoin the City of Crisfield from taking any action to impede Plaintiff from running the Property as a motel.

68.     The harm to Plaintiff as a result of Defendants' illegal and unconstitutional law; and illegal and unconstitutional determinations and conduct is substantial although difficult to calculate.

69.     Unless Defendants are enjoined or other relief is granted, Plaintiff will be deprived of its property rights and its constitutional rights will be impaired.

70.     No harm or prejudice will result to Defendants if relief is granted.

14

71. Plaintiff has no adequate remedy at law.

72. Plaintiff's right to relief is clear.

## COUNT III
*(City of Crisfield, and Dize, Bozman, Sheppard in their official and personal capacities)*
**VIOLATION OF PLAINTIFF'S FOURTEENTH AMENDMENT RIGHT
ARISING FROM DUE PROCESS VIOLATIONS FOR FAILURE TO PROVIDE
A HEARING AFTER DEPRIVATION OF PROPERTY RIGHTS
42 U.S.C. § 1983**

73. Plaintiff hereby incorporates by reference paragraphs 1 through 72 as if they were fully restated herein.

74. Plaintiff has a property right in the Property under the United States Constitution.

75. Defendants determined that Plaintiff could not operate the motel on the Property, resulting in the deprivation of Plaintiff's right to the use of its property.

76. Defendants failed to provide Plaintiff with a pre-deprivation notice or hearing and have failed to provide Plaintiff with a post-deprivation hearing though it has been over eight months since Defendants made their determination to disallow Plaintiff from operating the motel on the Property.

77. Defendants have deprived Plaintiff of a property interest without due process of law.

78. The decision to not provide Plaintiff with a pre-deprivation and/or post-deprivation hearing was made by the Defendants, including Mr. Dize who was the Mayor for the City of Crisfield, Mr. Bozman who was the Inspector for the City of Crisfield, Mr. Sheppard who was the Assistant Inspector for the City of Crisfield, Ms. Morgan who was the treasurer for the City of Crisfield, and Mr. Sullivan who was the city attorney for the City of Crisfield.

*(City of Crisfield, and Mr. Dize, Mr. Bozman, Mr. Sheppard, Ms. Morgan, and Mr.
Sullivan in their official and personal capacities)*
**VIOLATION OF THE FIFTH AMENDMENT**
**42 U.S.C. § 1983**

79.     Plaintiff hereby incorporates by reference paragraphs 1 through 78 as if

they were fully restated herein.

80.     Plaintiff purchased the Property on which is located a motel that had been

in operation for many decades.

81.     Immediately after Plaintiff purchased the Property, Defendant issued a

determination that Plaintiff was not allowed to operate a hotel on the Property.

82.     The decision to disallow Plaintiff from operating a motel on the Property

without being compensated for the deprivation of the use of the property, was a taking

by the City of Crisfield and, therefore, a violation of the Fifth Amendment.

83.     Further, the payments Plaintiff was required to make to the City of

Crisfield, which it imposed on Plaintiff, including, but not limited to taxes and the

charging of public sewer, water, and other charges tethered to the Property that the City

of Crisfield deprived Plaintiff of, was also a taking of Plaintiff's property.

84.     The City of Crisfield owes compensation to Plaintiff for the loss of the use

of its property and payments made to the City of Crisfield since the taking, including

interest.

**COUNT V**
*(City of Crisfield, and Mr. Dize, Mr. Bozman, Mr. Sheppard, Ms. Morgan, and Mr.
Sullivan in their official and personal capacities)*
**VIOLATION OF ARTICLE 3 AND ARTICLE 19 OF MARYLAND'S
DECLARATION OF RIGHTS**

85.     Plaintiff hereby incorporates by reference paragraphs 1 through 84 as if they were fully restated herein.

86.     Article 19 of Maryland's Declaration of Rights provides that "[e]very man for any injury done to him in his person or property out to have remedy by the course of the law of the land."

87.     Article 3 of Maryland's Declaration of Rights provides that "[t]he Constitution prohibits the passing of any law authorizing private property to be taken for public use, without just compensation."

88.     Plaintiff purchased the Property on which is located a motel that had been in operation for decades.

89.     Shortly after Plaintiff purchased the Property, Defendant issued a determination that Plaintiff was not allowed to operate a motel on the Property.

90.     The decision to disallow the operation of a motel on the Property without Plaintiff being compensated for the deprivation of the use of the Property, was a taking by the City of Crisfield and, therefore, a violation of Article 3 of the Maryland Declaration of Rights.

91.     In addition, the denial of the permit to allow Plaintiff to repair and maintain the property from degradation, caused injury to the Property and such denial was also a violation of Article 19 of the Maryland Declaration of Rights.

92.     Further the payments Plaintiff was and continues to be required to make to the City of Crisfield, which it imposed on Plaintiff, including, but not limited to taxes and the charging of public sewer, water, and other charges tethered to the Property that the City of Crisfield deprived Plaintiff of, was also a taking of Plaintiff's property.

93.     The City of Crisfield owes compensation to Plaintiff for the loss of its

property and payments made to the City of Crisfield since the taking, including interest.

## COUNT VI
*(City of Crisfield, and Mr. Dize, Mr. Bozman, Mr. Sheppard, Ms. Morgan, and Mr. Sullivan in their official and personal capacities)*
## VIOLATION OF THE FOURTEENTH AMENDMENT FOR VIOLATIONS OF THE DUE PROCESS CLAUSE DUE TO VAGUENESS
## 42 U.S.C. § 1983

94.     Plaintiff hereby incorporates by reference paragraphs 1 through 93 as if

they were fully restated herein.

95.     The City of Crisfield code is vague and subject to any number of

constructions in application such as to make it too indefinite and allows for arbitrary

enforcement, rendering it unconstitutional.

96.     A vague ordinance violates Plaintiff's rights to due process of law, rights

protected by the Fourteenth Amendment.

97.     Further, Defendants' denial of a permit to maintain and repair the Property

was also unconstitutional.

98.     Plaintiff has a right to compensatory damages for damages caused by

Defendants' constitutional violations.

## COUNT VII
*(City of Crisfield, and Mr. Dize, Mr. Bozman, Mr. Sheppard, Ms. Morgan, and Mr. Sullivan in their official and personal capacities)*
## VIOLATION OF ARTICLE 24 OF THE MARYLAND DECLARATION OF RIGHTS DUE TO VAGUENESS

99.     Plaintiff hereby incorporates by reference paragraphs 1 through 98 as if

they were fully restated herein.

100. Article 24 of the Maryland Declaration of Rights states that "[n]o man ought to be deprived of his property, but by the judgment of his peers, or by the law of the land."

101. The City of Crisfield code is vague and subject to any number of constructions in application such as to make it too indefinite and allows for arbitrary enforcement, rendering it void and in violation of Article 24 of the Maryland Declaration of Rights.

102. A vague ordinance violates Plaintiff's rights to due process of law, rights protected by the Maryland Declaration of Rights.

103. Plaintiff has a right to compensatory damages for harm caused by the unconstitutional code.

**COUNT VIII**
*(All Defendants)*
**INTENTIONAL INTERFERENCE WITH FUTURE BUSINESS EXPECTANCY**

104. Plaintiff hereby incorporates by reference paragraphs 1 through 103 as if they were fully restated herein.

105. Defendants purposely sought a basis by which to deny Plaintiff the use of its motel as a commercial property as a means to placate or curry favor with interested individuals and to cause Plaintiff to cease any operations.

106. In doing this, Defendants ignored that Plaintiff's property had never ceased being a motel.

107. By taking actions to curry favor and appease individuals by stopping Plaintiff from operating its motel, Defendants have tortiously interfered with Plaintiff's

business expectations by interfering with its ability to generate income from the property.

108.     Not only were these actions taken to cause Plaintiff to not be able to operate its business but were also done to attempt to exclude Plaintiff from being part of the business community in the City of Crisfield.

**COUNT IX**
*All Defendants*
**NEGLIGENCE**

109.     Plaintiff hereby incorporates by reference paragraphs 1 through 108 as if they were fully restated herein.

110.     Defendants owed a duty to Plaintiff to administer their duties without reckless disregard, gross negligence, and malice.

111.     Defendants not only failed to properly administer zoning laws, by failing to gather pertinent information, failing to understand the applicable zoning ordinances, and permitting laws, and by failing to properly apply them, but they were driven by an intent to not have the motel operate, by an intent to please and curry favor with certain individuals by denying Plaintiff its right to operate as a motel, and by an intent to cause harm to Plaintiff.

112.     Defendants' acts, therefore, were either reckless and/or grossly negligent and/or were done with malice.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff seeks the following relief:

(a)     A speedy hearing for Declaratory Relief pursuant to MD CODE ANN., CTS. & JUD. PROD. § 3-409(e).

(b)      Economic damages in excess of $75,000;

(c)      That the Court issue declarations as set out herein in Count I of this action;

(d)      Enjoin Defendants from continuing to deprive Plaintiff of use of its property and its ability to do business as a motel;

(e)      Punitive damages as to the Defendants in their individual capacities in excess of $75,000;

(f)      Disgorgement of all amounts paid to the City of Crisfield during the time it has disallowed Plaintiff to operate a motel on the Property;

(g)      Attorney fees and costs for bringing the action;

(h)      Pre and post-judgment interest; and

(i)      Such other penalties and monetary, declaratory, and equitable relief as the nature of Plaintiff's causes allow.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury as to all claims allowing for a jury trial.

Respectfully Submitted,

PLAINTIFF RT. 30 AUTO & TRUCK
SALES, LLC

By:     /s/
Ruth Ann Azeredo
AIS No. 0312230001
Law Office of Ruth Ann Azeredo LLC
1997 Annapolis Exchange Parkway
Suite 300
Annapolis, Maryland 21401
Tel: (410) 558-1915
Fax: (410) 558-19177
ruthazeredo@comcast.net

Date: May 12, 2022

## CERTIFICATE OF COMPLIANCE WITH RULE 1-322.1

I, Ruth Ann Azeredo, the undersigned attorney of record for Plaintiff, Rt. 30 Auto & Truck Sales, LLC, hereby certify that I am in compliance with Maryland Rule 1-322.1 that all personal identifier information has been omitted or redacted from this filing.

/s/ Ruth Ann Azeredo