# EXHIBIT 2

# TABLE OF CONTENTS

## PART I: THE CHARTER

I    Corporate Powers and Limits .................................................. C:6
II   Council ............................................................................. C:7
III  Mayor ............................................................................... C:11
IV   Powers; Enforcement ......................................................... C:13
V    Registration; Elections ....................................................... C:22
VI   Finance ............................................................................ C:27
VII  Personnel ......................................................................... C:34
VIII Public Ways and Sidewalks ................................................ C:37
IX   Water and Sewers .............................................................. C:39
X    Special Assessments .......................................................... C:43
XI   City Property ..................................................................... C:45
XII  General Provisions ............................................................. C:47
XIII Redevelopment and Urban Renewal ..................................... C:49

## THE CODE

## PART II: ADMINISTRATIVE LEGISLATION

1.   General Provisions .............................................................. 1:1

      Article I      Adoption of Code
      Article II     Enumeration of Substantive Charter Amendments
      Article III    Ratification of Nonsubstantive Changes to Charter

2.      Amusement Tax ................................................................ 2:1

4.      Boards and Commissions ............................................... 4:1

       Article I        Parks and Open Space Municipal Advisory Board
       Article II       Economic Development Commission

10.     Infractions, Municipal ................................................... 10:1

11.     Inventory and Related Taxes ........................................ 11:1

14.     Officers ......................................................................... 14:1

       Article I        Salaries

16.     Planning Commission .................................................. 16:1

17.     Police Department ........................................................ 17:1

18.     School Crossing Guards ............................................... 18:1

## PART III: GENERAL LEGISLATION

21.     Annexations ................................................................. 21:1

25.     Bicycles ........................................................................ 25:1

28.     Brush, Grass and Weeds .............................................. 28:1

30.     Building Construction .................................................. 30:1

33.     Buildings, Unsafe ......................................................... 33:1

34.     Burnings, Controlled .................................................... 34:1

34A.    Cable Television ........................................................ 34A:1

35.     Convenience Stores ...................................................... 35:1

36.     Construction Standards for Water, Sewers and Streets ........ 36:1

38.     Dock, Municipal .......................................................... 38:1

40.     Dogs and Other Animals .............................................. 40:1

       Article I        Keeping of Chickens and Livestock

42.     Elections ....................................................................... 42:1

43.     Electrical Standards ...................................................... 43:1

# TABLE OF CONTENTS

43A.    Emergencies ......................................................................43A:1

44.    Ethics ............................................................................... 44:1

45.    Fees ................................................................................... 45:1

46.    Firearms ........................................................................... 46:1

47.    Fire Department ................................................................ 47:1

48.    Fire Prevention ................................................................ 48:1

51.    Floodplain Management ................................................... 51:1

54.    Fortune-Telling ................................................................ 54:1

58.    Garbage, Rubbish and Refuse ........................................... 58:1

64.    Housing Standards ........................................................... 64:1

70.    Investments, Public ......................................................... 70:1

74.    Noise ................................................................................ 74:1

79.    Nuisances ......................................................................... 79:1

83.    Peddling and Soliciting .................................................... 83:1

    Article I       Solicitation of Alms
    Article II      Licensing and Regulations of Vendors and Hucksters
    Article III     Sale of Articles on Main Street and Parking Lots
    Article IV      Aggressive Panhandling

84.    Permits and Licenses ........................................................ 84:1

    Article I       General Provisions
    Article II      Vacant and Blighted Building Registration

84A.    Personal Conduct ............................................................84A:1

84B.    Play Vehicles ..................................................................84A:1

85.    Plumbing .......................................................................... 85:1

87.    Pool Halls and Billiard Rooms ......................................... 87:1

88.    Property Maintenance ....................................................... 88:1

89.    Public Property and Ways ................................................. 89:1

90.    Refrigerators, Abandoned ................................................. 90:1

91.     Residential Rental Housing.................................................. 91:1

       Article I      Registration, License and Inspection

94.     Sewers ........................................................................... 94:1

       Article I      Mandatory Sewer Connections
       Article II     Connections by Licensed Plumbers; Installation of Fixtures
       Article III    Service Charges
       Article IV    Sewer Use

94A.   Stormwater Management ...............................................94A:1

95.     Streets and Sidewalks........................................................ 95:1

       Article I      Sidewalks and Curbs

96.     Subdivision and Land Development ..................................... 96:1

100.    Taxation ........................................................................ 100:1

       Article I      Late Payment
       Article II     Hotel Rental Tax

101.    Taxicabs ....................................................................... 101:1

106.    Vehicles and Traffic........................................................ 106:1

106A.  Citations for Parking Violations and Vehicle

       Impoundment ................................................................106A:1

109.    Water............................................................................ 109:1

       Article I      Water Service
       Article II     Use of Water

112.    Zoning.......................................................................... 112:1

# APPENDIX

A115.  Affirmative Action Plan ...................................A115:1

TABLE OF CONTENTS

# DISPOSITION LIST

# INDEX

# Chapter 112

# ZONING

## ARTICLE I GENERAL PROVISIONS

### §112.1. Authority.

This Chapter is enacted under the authority granted by the General Assembly of Maryland, as provided in the Land Use Article, Annotated Code of Maryland, as amended.

### § 112.2. Applicability.

This chapter shall apply to all lands, buildings and properties lying within the corporate boundaries of the City of Crisfield, Maryland, as the same shall be established from time to time.

### § 112-3. Official Zoning Map.

A.  The incorporated areas of the City are hereby divided into zones, as shown on the Official Zoning Map, which, together with all explanatory matter thereon, is hereby adopted by reference and declared to be part of this chapter.

B.  The Official Zoning Map shall be identified by the signatures of the Mayor and Council attested by the City Clerk and bearing the Seal of the City under the following words: "This is to certify that this is the Official Zoning Map referred to in § 112-3 of the Zoning Ordinance of the City of Crisfield, Maryland," together with the date of the adoption of this chapter.

C.  If, in accordance with the provisions of this chapter and MD Code, Land Use, § 4-201, *et seq.*, as revised, changes are made in zone boundaries or other matter portrayed on the Official Zoning Map, such changes shall be specified in an ordinance approved by the Mayor and Council, and the change shall be noted promptly in the revision block of the Official Zoning Map, stating the amendment number, date of its passage and a brief description of the change. The text of the amending ordinance shall provide that such changes or amendments shall not become effective until they have been duly entered upon the Official Zoning Map. No amendment to this chapter which involves matter portrayed on the Official Zoning Map shall become effective until such change and entry has been made on said map.

D.  No changes of any nature shall be made on the Official Zoning Map or matter shown thereon, except in conformity with the procedures set forth in this chapter. An unauthorized change of whatever kind by any person or persons shall be considered a violation of this chapter and punishable as provided under § 112-18 of this chapter.

**Chapter 112**

**ZONING**

## ARTICLE II ADMINISTRATION AND ENFORCEMENT

### § 112-7. Zoning Administrator.

A. There is hereby established the office of the City of Crisfield Zoning Administrator.

B. Duties

It shall be the duty of the Zoning Administrator to administer and cause the enforcement of the provisions of this chapter including:

    (1) Receive and review all applications for Zoning Certificate Permits.

    (2) Approve or disapprove such applications based on compliance or non-compliance with the provisions of this chapter and plans, and issues certificates when there is compliance.

    (3) Suspend or revoke a permit issued under the provisions of this chapter whenever the permit is issued erroneously on the basis of incorrect information supplied by the applicant or his agent, and is in violation of any law or regulation of the City.

    (4) Inspect any violation of this chapter; order the violator, in writing, of the action required to correct or abate any violation, and inform the violator in writing of his right to appeal the order of the Zoning Administrator; and, recommend injunction, mandamus, abatement or other appropriate proceedings to prevent, enjoin, abate or remove any unlawful erection, alteration, maintenance or use, for both civil and criminal remedies, as provided by law.

    (5) Receive all applications for site plan review and special use permits which the Planning Commission is required to decide under this chapter.

    (6) Conduct field inspections and investigations.

    (7) Process applications to assist the Planning Commission in formulating recommendations.

    (8) Notify an applicant, in writing, of any decision of the Planning Commission and implement the decisions of the Planning Commission.

    (9) Receive all applications for appeals, variances or other matters which the Board of Appeals is required to decide under this chapter.

    (10) Prepare such applications for appeals, variances or other matters to the Board of Appeals and refer them, with recommendations, to the Board of Appeals.

(11) Receive and process all applications for amendments to this chapter and prepare recommendations as to such applications for review by the Planning Commission.

(12) Maintain a map or maps showing the current zoning classifications of all land in the City.

(13) Maintain written records of all actions taken by the Zoning Administrator.

(14) Meet with the Planning Commission upon request.

(15) Provide forms necessary for all applications to the Zoning Administrator, Planning Commission, or Board of Appeals as is required by the provisions of this chapter and be responsible for the information necessary on such forms for the effective administration of this chapter, subject to any policies and procedures maintained by the Planning Commission and/or the Board of Appeals.

B. All departments, officials and public employees of the City which are vested with the authority to issue permits or licenses, shall conform to the provisions of this chapter, and shall not issue any permit or license for any use, building, structure, or purpose which would be in conflict with the provisions of this chapter.

C. Any permit or license, issued in conflict with the provisions of this chapter, shall be null and void.

## § 112-8. Zoning certificate required.

Zoning certificates shall be covered under the 2003 International Building Code.

## § 112-9. Application for zoning certificate.

Applications for zoning certificates shall be covered under the 2003 International Building Code.

## § 112-10. Zoning occupancy permits.

Occupancy permits shall be covered under the 2003 International Building Code.

## § 112-11. Expiration of certificate; extension.

Covered under the 2003 International Building Code.

## § 112-12. Conformance with plans and applications.

Covered under the 2003 International Building Code.

(ii) Does not prevent reasonable access of emergency vehicles or deprive adjacent properties of adequate light and air flow;

(iii) Does not significantly change the general character of the land uses of the approved Master Development Plan;

(iv) Does not result in any substantial change of major external access points;

(v) Does not increase the total approved number or height of buildings; and

(vi) Does not decrease the minimum specified setbacks, open space area, or minimum or maximum specified parking and loading spaces.

(8) A Planning Development District (PDD) shall be considered to be "floating zones" and, under the laws of the State of Maryland, these districts are analogous to special exceptions. The criteria for each approval of a floating zone and planned development in the district shall be as set forth in Article VII of this chapter and shall be the basis for approval or denial by the Mayor and Council without the necessity of showing a mistake in the original zoning or a change in the neighborhood.

## § 112-16. Prevalence of most restrictive standards.

In their interpretation and application, the provisions of this chapter shall be held to be minimum requirements adopted for the promotion of the public health, safety, morals or general welfare. Wherever the requirements of this chapter are at variance with the requirements of any other lawfully adopted rules, regulations, ordinances, deed restrictions or covenants, the most restrictive or that imposing the higher standards shall govern.

## § 112-17. Severability.

Should any section or provision of this chapter be declared by the courts to be unconstitutional or invalid, such decision shall not affect the validity of the chapter as a whole or any part thereof other than the part so declared to be unconstitutional or invalid.

## § 112-18. Complaints; violations and penalties; remedies.

A. Complaints regarding violations. Whenever a violation of this chapter occurs or is alleged to have occurred, any person may file a written complaint. Such complaint, stating fully the causes and basis thereof, shall be filed with the Zoning Administrator. The Zoning Administrator shall record properly such complaint, immediately investigate the complaint and take action thereon as provided by this chapter.

**Chapter 112**

**ZONING**

**ARTICLE XIV NONCONFORMING USES AND STRUCTURES**

## § 112-121. Intent.

A. Within the zones established by this chapter or amendments that may later be adopted, there exist lots, structures and uses of land and structures which were lawful before this chapter was passed or amended but which would be prohibited, regulated or restricted under the terms of this chapter or future amendment.

B. It is the intent of this chapter not to encourage the survival of nonconformities. Such uses are declared by this chapter to be incompatible with permitted uses in the zones involved. It is further the intent of this chapter that nonconformities shall not be enlarged upon, expanded or extended nor be used as grounds for adding other structures or uses prohibited elsewhere in the same zone.

C. To avoid undue hardship, nothing in this chapter shall be deemed to require a change in the plans, construction or designated use of any building on which actual construction was lawfully begun prior to the effective date of adoption or amendment of this chapter and upon which actual building construction has been diligently carried on.

## § 112-122.  Nonconforming lots of record.

Notwithstanding limitations imposed by other provisions of this chapter, a principal structure and its accessory structure(s) accommodating a permitted use, as defined in the respective zone regulations, may be erected on any single lot of record if the lot was already recorded at the effective date of adoption or amendment of this chapter. This provision shall apply even though such lot fails to meet the requirements for area, depth and/or width that are generally applicable in the zone, and it is therefore designated a "nonconforming lot of record."  A nonconforming lot of record will be required to provide the yard dimensions as specified in the regulations for the zone in which such lot is located.  Any variance of yard requirements shall be obtained only through action of the Board of Appeals.

## § 112-123.  Continuation of nonconforming uses.

Where, at the effective date of adoption or amendment of this chapter, lawful use of land exists that is made no longer permissible under the terms of this chapter as enacted or amended, such use may be continued, subject to the  provisions of § 112-125, so long as it remains otherwise lawful, subject to the following provisions:

## Chapter 112

## ZONING

A. No such nonconforming use shall be enlarged or increased or extended to occupy a greater area of land than was occupied at the effective date of adoption or amendment of this chapter.

B. No such nonconforming use shall be moved, in whole or in part, to any other portion of the lot or parcel occupied by such use at the effective date of adoption or amendment of this chapter.

C. If any such nonconforming use of land ceases for any reason for a period of more than 12 months, any subsequent use of such land shall conform to the regulations specified by this chapter for the zone in which such land is located.

## § 112-124. Continuation of nonconforming structures.

Where a lawful structure exists at the effective date of adoption or amendment of this chapter that could not be built under the terms of this chapter by reason of restrictions on area, lot coverage, height, yards or other characteristics of the structure on its location on the lot, such structure may be continued, subject to the provisions of § 112-125, so long as it remains otherwise lawful, subject to the following provisions:

A. No such structure may be enlarged or altered in a way which increases its nonconformity.

B. Should such structure be destroyed by any means to an extent of more than 80% of its replacement cost at time of destruction as determined by the Board of Appeals, it shall not be reconstructed except in conformity with the provisions of this chapter.

C. Should such structure be moved for any reason for any distance whatever, it shall thereafter conform to the regulations for the zone in which it is located after it is moved.

## § 112-125. Continuation of nonconforming uses of structures.

If a lawful use of a structure or of a structure and premises in combination exists at the effective date of adoption or amendment of this chapter that would not be allowed in the zone under the terms of this chapter, the lawful use may be continued so long as it remains otherwise lawful, subject to the following provisions:

A. No existing structure devoted to a use not permitted by this chapter in the zone in which it is located shall be enlarged, extended, constructed, reconstructed, moved or structurally altered, except in changing the use of the structure to a use permitted in the zone in which it is located.

B. Any nonconforming use may be extended throughout any parts of a building which were manifestly arranged or designed for use at the time of adoption or amendment of this chapter, but no such use shall be extended to occupy any land outside such building.

C. Any structure or structure and land in combination in or on which a nonconforming use is superseded by a permitted use shall thereafter conform to the regulations for the zone in which such structure is located, and the nonconforming use may not thereafter be resumed.

D. When a nonconforming use of a structure or a structure and premises in combination is discontinued or abandoned for twelve (12) consecutive months, it shall not thereafter be used, except in conformance with the regulations of the zone in which it is located.

E. Where nonconforming use status applies to a structure and premises in combination, removal or destruction of the structure shall eliminate the nonconforming status of the land.

## § 112-126. Termination of certain nonconformities.

Certain nonconformities shall be terminated in accordance with the following provisions:

A. Within not more than five years from the effective date of this chapter or amendment of this chapter by which a use becomes nonconforming, the right to maintain a nonconforming use outside a building or structure shall terminate, and such nonconformity shall no longer be operated or maintained and must be removed.

B. Within not more than five years from the effective date of this chapter or amendment of this chapter, all nonconforming off-site signs shall be removed.

C. Removal of a nonconforming mobile home or trailer shall constitute loss of nonconforming status for the site on which said nonconforming trailer or mobile home was located.

## § 112-127. Repairs and maintenance.

A. On any structure devoted, in whole or in part, to any nonconforming use, work may be done in any period of twelve (12) consecutive months on ordinary repairs or on repair or replacement of nonbearing walls, fixtures, wiring or plumbing to an extent not exceeding 20% of the current replacement value of the structure, provided that the cubic content of the building, as it existed at the time of passage or amendment of this chapter, shall not be increased.

B. Nothing in this chapter shall be deemed to prevent the strengthening or restoring to a safe condition of any building or part thereof declared to be unsafe by any official charged with protecting the public safety upon order of such official.

**Chapter 112**

**ZONING**

C.  Whenever an existing structure does not conform to the yard or lot area requirement, repair and maintenance can be performed, provided that the existing yards or lot area are not reduced or altered. No such existing yard or lot area may be altered without approval of the Board of Appeals.

**Chapter 112**

**ZONING**

**ARTICLE XV BOARD OF ZONING APPEALS**

**§ 112-128. Establishment; membership; terms; vacancies.**

A.  The Board of Zoning Appeals (the "Board of Appeals") is hereby created.

B.  The Board of Appeals shall consist of seven members, residents of the City, appointed by the Mayor and confirmed by the City Council and removable for cause, upon written charges and after public hearing. Members shall be appointed for terms of three years each.

C.  Vacancies shall be filled by appointment for the unexpired term.

D.  Members of the Board of Appeals shall receive compensation in the amount of $25 each, per meeting.

**§ 112-129. Powers and duties.**

The Board of Appeals shall have the following powers and duties:

A.  Administrative review.  To hear and decide appeals where it is alleged there is error in any order, requirement, decision or determination made by the Zoning Administrator in the enforcement of this chapter.

B.  Special exceptions. To hear and decide special exceptions as specifically authorized by the terms of this chapter, to decide such questions as are involved in determining whether special exceptions should be granted and to grant special exceptions with such conditions and safeguards as are appropriate under this chapter or to deny special exceptions when not in harmony with the purpose and intent of this chapter.

C.  Variances. To authorize, upon appeal in specific cases, such variance from the terms of this chapter as will not be contrary to the public interest where, owing to special conditions, a literal enforcement of the provisions of this chapter would result in unnecessary hardship.

D.  Interpretation and adjustment of Zoning Map and district lines. The Board of Appeals may determine, after notice to the owners of the properties affected and after public hearing, boundaries of districts as follows:

(1)  Where the street or lot actually on the ground or as recorded differs from the street or lot lines shown on the Zoning Map, the Board of Appeals shall interpret the map in such a way as to carry out the intent and purpose of this chapter for the particular section or district in question.

(2) Where the boundary of a zoning district divides a lot held in a single ownership on the effective date of this chapter, the Board of Appeals may permit the extension of either zoning district, but not more than 200 feet beyond said boundary line.

(3) Where uncertainty exists as to the boundaries of any district shown on the Zoning Map, the Board of Appeals may determine the proper location of said boundaries in accordance with § 112-5.

E. Determination of use categories and subcategories

(1) When a use cannot be reasonably classified into a use category, subcategory or specific use type, or appears to fit into multiple categories, subcategories or specific use types, the Board of Appeals is authorized to determine the most similar and thus most appropriate use category, subcategory or specific use type and permit the use as a special exception.

(2) In making such determinations, the Board of Appeals must consider:

(a) The types of activities that will occur in conjunction with the use;

(b) The types of equipment and processes to be used;

(c) The existence, number and frequency of residents, customers or employees;

(d) Parking demands associated with the use; and

(e) Any other factors the Board of Appeals may deem relevant to a use determination.

(3) If a use can reasonably be classified in multiple categories, subcategories or specific use types, the Board of Appeals must categorize the use in the category, subcategory or specific use type that provides the most exact, narrowest and appropriate "fit."

(4) If the Board of Appeals is unable to determine the appropriate use category for a proposed use, the Board of Appeals is authorized to classify the use as a prohibited use.

## § 112-130. Proceedings.

The Board of Appeals shall adopt rules necessary to the conduct of its affairs and in keeping with the provisions of this chapter. Meetings shall be held at the call of the Chairperson and at such other times as the Board of Appeals may determine. The Chairperson or Acting Chairperson, should the Chairperson be absent, may administer oaths and compel the attendance of witnesses. All meetings shall be open to the public.

# Chapter 112

## ZONING

### § 112-131.  Appeals; hearings.

A. Appeals to the Board of Appeals concerning interpretation or administration of this chapter may be taken by any person aggrieved or by any official or officer of the City affected by any decision of the Zoning Administrator. Such appeals shall be taken within a reasonable time of such decision, not to exceed twenty (20) days, by filing with the Zoning Administrator and with the Board of Appeals a notice of appeal specifying the grounds thereof. The Zoning Administrator shall forthwith transmit to the Board all papers constituting the record upon which the action appealed was taken from.

B. The Board of Appeals shall fix a reasonable time for the hearing of appeal, give public notice thereof  as well as due notice to the parties in interest and hold the public hearing within 30 days from the filing of the notice of appeal. At least fifteen (15) days' notice of the time and place of such hearing shall be published in a paper of general circulation in the City and by posting at the property. At the hearing, any party may appeal in person or by agent or attorney. The Board of Appeals shall then decide the appeal within fifteen (15) days from the time of the hearing.

### § 112-132. Stay of proceedings.

An appeal stays all proceedings in furtherance of the action appealed from, unless the Zoning Administrator certifies to the Board of Appeals that a stay would, in the Zoning Administrator's opinion, cause imminent peril to life and property.

### § 112-133. Procedure for granting special exceptions.

Special exceptions shall be granted by the Board of Appeals only under the following procedures:

A. A written application for a special exception is submitted, indicating the section of this chapter under which the special exception is sought and stating the grounds on which it is requested.

B. Notice shall be given at least fifteen (15) days in advance of a public hearing. The owner of the property for which special exception is sought or his agent shall be notified by mail. Notice of such hearings shall be posted on the property for which special exception is sought and at the City Hall, and notice shall be published in a newspaper of general circulation in the City at least 15 days prior to the public hearing.

C. A public hearing shall be held. Any party may appear in person or by agent or attorney.

D.  The Board of Appeals shall make a finding that it is empowered under the section of this chapter described in the application to grant the special exception, and that the granting of the special exception will not adversely affect the public health, safety, security, morals or general welfare or would result in dangerous traffic conditions or would jeopardize the lives or property of the people living in the neighborhood.

## § 112-134. Considerations in granting special exception.

A.  When hearing evidence necessary for the granting of any special exception, the Board of Appeals shall consider all pertinent facts in the case and render a decision in accordance with the following principles:

  (1)  The proposed use conforms in all respects to minimum requirements of the district in which it is located.

  (2)  The proposed use does not adversely affect the health, safety and general welfare of the residents of the area.

  (3)  The proposed use will not interfere with the adequate and orderly provision of public facilities necessary to service the area of the proposed special exception.

  (4)  The proposed use will not create congestion in the streets or undue traffic hazards, and that adequate egress and ingress are provided.

  (5)  The proposed use will not adversely affect the established character of the area.

B.  When hearing any application for a special exception, the Board of Appeals may consider the design of the proposed site plan, feasibility studies or construction drawings as an integral part of the application and as a means of ascertaining that any adverse effects on surrounding property will be minimized.

## § 112-135. Conditions on granting special exception.

A.  In granting any special exception, the Board of Appeals may prescribe appropriate conditions and safeguards in conformity with this chapter. Violation of such conditions and safeguards, when made a part of the terms under which the special exception is granted, shall be deemed a violation of this chapter and punishable under § 112-18(B).

B.  The Board of Appeals shall prescribe a time limit within which the action for which the special exception is required shall be begun or completed, or both. Failure to begin or complete, or both, such action within the time limit set shall void the special exception.

**Chapter 112**

**ZONING**

### § 112-136. Procedure for granting variances.

A. A variance from the terms of this chapter shall be granted by the Board of Appeals only according to the following procedures:

    (1) A written application for a variance is submitted, demonstrating:

        (a) That special conditions and circumstances exist which are peculiar to the land, structure or building involved and which are not applicable to other lands, structures or buildings in the same zone.

        (b) That literal interpretation of the provisions of this chapter would deprive the applicant of rights commonly enjoyed by other properties in the same zone under the terms of this chapter.

        (c) That the special conditions and circumstances do not result from the actions of the applicant.

        (d) That granting the variance requested will not confer on the applicant any special privilege that is denied by this chapter to other lands, structures or buildings in the same zone.

    (2) Notice of public hearing shall be given.

    (3) A public hearing shall be held. Any party may appear in person or by agent or by attorney.

B. No nonconforming use of neighboring lands, structures or buildings in the same zone and no permitted use of lands, structures or buildings in other zones shall be considered grounds for the issuance of a variance.

### § 112-137. Considerations in granting variance.

A. The Board of Appeals shall make a finding that the reasons set forth in the application justify the granting of the variance, and that the variance is the minimum variance that will make possible the reasonable use of the land, building or structure.

B. The Board of Appeals shall further make a finding that the granting of the variance will be in harmony with the general purpose and intent of this chapter and will not be injurious to the neighborhood or otherwise detrimental to the public welfare.

C. Under no circumstances shall the Board of Appeals grant a variance to allow a use not permissible under the terms of this chapter in the zone involved or any use expressly or by implication prohibited by the terms of this chapter in said zone.

### § 112-138. Conditions on granting a variance.

In granting any variance, the Board of Appeals may prescribe appropriate conditions and safeguards in conformity with this chapter. A violation of such conditions and safeguards, when made a part of the terms under which the variance is granted, shall be deemed a violation of this chapter and punishable under § 112-18(B).

### § 112-139. Majority vote required.

The concurring vote of the majority of the members of the Board of Appeals shall be necessary to reverse any order, requirement or decision or determination of the Zoning Administrator or to decide in favor of the applicant on any matter upon which it is required to pass under this chapter or to effect any variation in the application of this chapter.

### § 112-140. Resubmission of application or appeal.

A. If any application or request is disapproved by the Board of Appeals, thereafter the Board of Appeals shall not accept application for substantially the same proposal on the same premises until after one year from the date of such disapproval.

B. If an appeal to the Board of Appeals is submitted and the public hearing date set and thereafter the applicant withdraws the appeal, that applicant shall be precluded from filing another application for substantially the same proposal on the same premises for one year from the date of the withdrawal.

### § 112-141. Circuit Court review.

Any person or persons or any board, taxpayer or department of the City aggrieved by any decision of the Board of Appeals may seek review by the Circuit Court of such decision in the manner provided by the laws of Maryland and particularly by Article 66B, Title 2, of the Annotated Code of Maryland.

**Chapter 112**

**ZONING**

## ARTICLE XVI CRITICAL AREA ZONING

[Former Art. XX, Critical Area Zoning, added 12-6-1988 by Ord. No. 435, comprised of §§ 112-104 through 112-116, was repealed 12-14-2011 by Ord. No. 615 • The current Critical Area Ordinance is on file in the office of the City Zoning Administrator.]